United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD J. DEAGUERO,
Plaintiff,

v.

STATE BAR OF CALIFORNIA,
Defendant.

Case No. 26-cv-08198-KAW

**ORDER DENYING MOTION FOR A HEARING ON PLAINTIFF'S IFP APPLICATION**

Re: Dkt. No. 16

On August 6, 2026, Plaintiff Richard J. Deaguero filed this case against Defendant State Bar of California. (Dkt. No. 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 3.) On August 13, 2026, the Court denied Plaintiff's IFP application as incomplete and ordered Plaintiff to file a complete IFP application or pay the filing fee. (Dkt. No. 8.) On September 8, 2026, Plaintiff filed an amended IFP application. (Dkt. No. 11.) On September 23, 2026, the Court denied Plaintiff's IFP application and ordered Plaintiff to pay the filing fee by October 30, 2026. (Dkt. No. 15.)[1]

On October 19, 2026, Plaintiff filed a motion to have a hearing as to his IFP application. (Pl.'s Mot. for Hearing, Dkt. No. 16.) While the motion primarily complained about Plaintiff's disbarment, Plaintiff also stated that he "does not have the money to pursue the litigation without jeopardizes [sic] his family's wellbeing." (*Id.* at 2.) Plaintiff asserted that he "met the

[1] On September 8, 2026, Plaintiff consented to magistrate judge jurisdiction. (Dkt. No. 12.) On October 30, 2026, Plaintiff filed an "Amended" notice, purporting to decline magistrate judge jurisdiction. (Dkt. No. 18.) Once a magistrate judge obtains consent, however, the consent "can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown' by any party." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (internal quotation omitted). "An obvious purpose of not permitting a party to withdraw consent to magistrate judge jurisdiction absent a showing of extraordinary circumstances is to preclude a party from engaging in forum shopping. This is particularly true where the withdrawal attempt occurs after that party has received an adverse ruling on a motion[.]" *McNeely v. Chappell*, No. 2:12-cv-0931-EFB P, 2013 U.S. Dist. LEXIS 109891, at *5 (E.D. Cal. Aug. 5, 2013).

requirements for waiver of court costs, as he virtually has no income" and stated that he "needs to have an explanation from the court as to its rationale for denying the application for waiver of court costs." (*Id.* at 5.)

The Court DENIES Plaintiff's motion for a hearing. The Court observes, however, that IFP status is only warranted where payment "would cause hardship and prevent an indigent litigant from accessing the courts." *Yates v. W. Contra Costa Unified Sch. Dist.*, No. 16-cv-01077-MEJ, 2017 U.S. Dist. LEXIS 30707, at *2 (N.D. Cal. Mar. 3, 2017). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Thus, "[c]ourts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses." *Kris K. v. Saul*, No. 3:20-cv-00515-RBM, 2020 U.S. Dist. LEXIS 192394, at *4 (S.D. Cal. Oct. 15, 2020).

Per Plaintiff's IFP application, Plaintiff receives $3,000 monthly in social security and VA disability payments, owns a $450,000 home, and has $2,500 in bank accounts and cash. (Dkt. No. 11 at 2-3.) Such assets do not demonstrate indigency such that Plaintiff is unable to pay a $405 filing fee, even if Plaintiff does not have other income. *See Tod M. v. Kijakazi*, No. 21cv1997-LL, 2021 U.S. Dist. LEXIS 242634, at *3 (S.D. Cal. Dec. 20, 2021) (denying IFP application where the plaintiff received $200 in food stamps and had no money in a savings and/or checking account, but had assets including a home valued at $250,000 and vehicles valued at $2,700); *Nielsen v. Amtrac*, No. 3:12-cv-02111-HZ, 2012 U.S. Dist. LEXIS 182928, at *4 (D. Or. Dec. 29, 2012) (denying IFP application where the plaintiff owned a home and several vehicles).

To the extent Plaintiff asserts that he is entitled to IFP status because his disbarment was improper, that is not a basis for IFP status. (*See* Pl.'s Mot. for Hearing at 4.)

//

//

//

//

//

United States District Court
Northern District of California

The Court hereby EXTENDS Plaintiff's deadline to pay the filing fee to **November 30, 2026**. Failure to timely pay will result in the Court reassigning this case to a district judge with the recommendation that the case be dismissed for failure to pay the filing fee.

IT IS SO ORDERED.

Dated: November 12, 2026

KANDIS A. WESTMORE
United States Magistrate Judge